While I agree with the majority's conclusion that defendant's motion to suppress should have been granted, I do so for different reasons. Accordingly, I write separately.
Defendant was stopped for walking on the wrong side of the street. When asked for identification, defendant could produce nothing tangible, but gave the officers his name. Pending the officer's writing a citation for defendant's minor misdemeanor pedestrian violation, he determined to place defendant in the back of the cruiser. Accordingly, he conducted a pat-down search where an illegal substance was discovered on defendant's person.
"The driver of a motor vehicle may be subjected to a brief pat-down search for weapons where the detaining officer has a lawful reason to detain said driver in a patrol car." State v.Evans (1993), 67 Ohio St.3d 405, paragraph one of the syllabus. InEvans, defendant was stopped because one of the headlights on his car was burned out. When the officers asked defendant for his driver's license, he could not produce it. One of the officers asked defendant to step out of his car, and while conducting a pat-down search of defendant's person in preparation for placing him in the back of the cruiser, the officer discovered a large wad of money and a small packet of crack cocaine. Finding that the state's obligation not to violate an individual's Fourth Amendment rights does not require that police officers forsake reasonable precautionary measures during the performance of duties, the Supreme Court concluded in Evans that the police officers' personal security is a legitimate justification for patting down a driver before placing the driver into the back of the patrol car.
While the majority distinguishes Evans because it involved a driver rather than a pedestrian, I am not persuaded by the distinction. Both the defendant in Evans, as well defendant here, were stopped for minor misdemeanor violations. Both were asked to produce identification, and both were patted down in preparation for placing them in the back of a patrol car prior to any arrest. Rather, the distinguishing issue to me is whether the officers had a reasonable basis to detain defendant in the back of a patrol car.
In Evans, the officers stopped the car on the highway, and in order to insure their own safety as well as that of the driver stopped by the roadside, the Supreme Court found they had a reasonable basis to place Evans in the patrol car for his own safety. Indeed, courts have found other reasons justifying detention in a patrol car. See State v. Edwards (Nov. 12, 1999), Montgomery App. No. 17735, unreported (finding weather conditions justified placing defendant in the police cruiser while her identity was verified); State v. Stroud (Oct. 11, 1995), Montgomery App. No. 14832, unreported (finding lawful reason to detain where "there was hostility in the neighborhood, smoke in the air, and it was unsafe to have him `roaming around out here on the stop'"); State v. Milhouse (May 28, 1999), Hamilton App. No. C-980782, unreported (finding "it was not unreasonable for the police officer to decide to detain Milhouse, an unlicensed driver, in the cruiser in order to prevent Milhouse from fleeing while the officer verified his identity, nor was a pat-down for weapons prior to such placement unreasonable").
Here, none of the factors cited by those courts applies. The evidence does not suggest adverse weather conditions, nor does the evidence suggest defendant was about to flee. Unlike those instances where a motor vehicle stopped on the roadway subjects a driver who has exited the car to the hazards of the roadway, defendant here was walking on the street when the police found him, and nothing in the evidence suggests defendant's being on the street was hazardous.
In the final analysis, although police officers have wide discretion in determining when to detain someone in a police cruiser, this record lacks the necessary evidence to support a reasonable detention. Accordingly, for the foregoing reasons, I agree with the majority's conclusion that defendant's motion to suppress should have been granted.